UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

NOV 22 2006

Michael N. Milby, Clerk

| | |
|---|---|
| EMBASSY, INC. ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | Docket No. _____ |
| ) | H-06-3698 |
| HARRIS COUNTY, TEXAS, AND THE HARRIS ) | |
| COUNTY SHERIFF'S DEPARTMENT ) | |
| ) | |
| Respondent. ) | |

ORIGINAL PETITION FOR DECLARATORY JUDGMENT,
DAMAGES AND INJUNCTIVE RELIEF

COMES NOW, EMBASSY, INC., Petitioner and files this Original Petition for Declaratory Judgment, Damages and Injunctive Relief and in support of such Petition would show the Court as follows:

I. PARTIES

1. Petitioner, EMBASSY, INC. (hereafter "Petitioner") is a Texas corporation doing business as "Houston Dolls Cabaret".

2. Defendant, HARRIS COUNTY, TEXAS, is a governmental subdivision of the state of Texas and may be served by and through the office of Mike Stafford, the Harris County Attorney located at 1019 Congress, 15th floor, Houston, Texas 77002.

3. Defendant, HARRIS COUNTY SHERIFF'S DEPARTMENT is a governmental entity which may be served by serving Tommy Thomas at his office located at 1301 Franklin, Houston, Texas 77002.

II. VENUE AND JURISDICTION

4. Venue is proper in the Southern District of Texas, Houston Division.

EMBASSY VS. HARRIS COUNTY, ET AL – ORIGINAL PETITION – PAGE 1

5. Jurisdiction in this Court is proper in that the circumstances and facts in this case involve issues of Federal law and arise under the Constitution and laws of the United States of America.

### III. FACTS

6. Petitioner, Embassy, Inc. is a Texas corporation with its principal place of business located at 313 Rankin Road, Ste. H. While this location has a Houston postal code, it is actually not within the city limits, but is within an unincorporated section of Harris County, Texas. Petitioner owns and operates a business known as "Houston Dolls Cabaret". This business is described as a sexually oriented business, more specifically described as a topless club.

7. Under an ordinance known as "Regulations for Sexually Oriented Businesses in the Unincorporated Area of Harris County, Texas" (hereafter "the Ordinance"), which is attached as Exhibit "A" to this Petition and incorporated by reference herein, the Commissioner's Court of Harris County, Texas has sought to regulate businesses such as the Petitioner's effective from August 6, 1996 to the present. The regulations contained in the Ordinance require that any "sexually oriented business", as that term is defined within the Ordinance, must apply for a permit to conduct business in Harris County, Texas. Under the Ordinance "sexually oriented businesses" include both individuals and businesses primarily performing, offering or providing "a service or the selling, renting or exhibiting of devices or any other items intended to provide sexual stimulation or sexual gratification to the customer."

8. The application to conduct business must be submitted on an annual basis including a non-refundable application fee. The requirements of this application include notifying the Harris County Sheriff of the full legal name(s) or any other name(s) of any owner of the business; a description of the business and the address of the place of business; the services or products which are offered, the owner's license to do business and entire permit history including any and

all permits issued, denied, revoked, suspended, or provided to the owner in any capacity; any assumed names for the business; the owner's personal driver's license or other identification; and, a personal verification of all of the information contained in the application.

9. The Ordinance goes on to list additional information which is required depending on whether the owner is an individual or business entity, creating two classes of sexually oriented businesses with differing rules and requires additional information depending on which class of business is operated. Class I is defined as business enterprises located at a specific location and Class II is defined as individuals offering services covered by the Ordinance who are not acting as employees of Class I businesses. In addition to the above information, owners of Class I businesses are required to provide their residence address, the owner of the real property on which the business operates, a copy of the lease or rental agreement for such operation, an estimate of the number of employees and their job descriptions, the management structure of the business, and a floor diagram of the business including total amount of floor space.

10. Aside from simply applying for such permit, business owners are required to locate their business at least the following distance from other areas: 1,500 (One Thousand Five Hundred) feet from any child care facility, school, dwelling, hospital, public building, public park, church or place of religious worship and 1 (One) mile from any penal institution. The Ordinance goes on to state that not more than 2 (Two) Class I businesses may be located less than 2,000 (Two Thousand) feet from any other Class I businesses. In addition, the Ordinance requires owners to give written notice to all owners and lessees of property located within 1,500 (One Thousand Five Hundred) feet of the property of their application, and provides that any owner or lessee is an interested party to such application and can request a public hearing on the application. Further, the information contained in the owner's application is public record under the

Ordinance. The Ordinance requires Defendant Harris County Sheriff's Department to review and approve or deny such applications within 45 (Forty Five) days of their submission. There are substantive reasons under the Ordinance which can be the basis for such denial including the commission of various offenses by owners of the business, or the non-operation of the business for a substantial period of time.

11.    In 2001, Petitioner purchased the business known as "Houston Dolls Cabaret" from the preceding owner and filed an application under the Ordinance for a Sexually Oriented Business Permit ("SOBP"). The application was approved at that time and Petitioner was issued SOBP number 005. In the following years of 2002, 2003, 2004 and 2005, a renewal application was timely filed with the Defendant Harris County Sheriff's Department, including the payment of the application fees and Petitioner's SOBP was renewed each year until the 2005 application. Copies of the applications are attached to this petition as Exhibit "B" and incorporated by reference herein. During the period of time between the initial granting of the SOBP for Petitioner in 2001 and the 2005 application, the area near the business has been developed for both businesses and residences, and a small, part-time church has opened near the Petitioner's place of business. At all times relevant to this lawsuit, 2 (Two) other sexually oriented businesses have been in continuing operation within 2,000 (Two Thousand) feet of the Petitioner's place of business and at least one other is located within 1 (One) mile of the premises.

12.    While Petitioner has complied with the Ordinance, Petitioner does not receive notice concerning the intention of placing any business, home, church, park, or other use of any real estate in the area. Since the City of Houston and the unincorporated areas of Harris County are not zoned for business or residential purposes, Petitioner has not had the ability to ensure that

their business interests are protected. However, given the nature and proximity of the other businesses in the area, there does not seem to be any objection to the maintaining of similar businesses in that location.

13. As can be seen by Exhibit "B", the applications for renewal were filed prior to December 1 of each year as required under the Ordinance. During the 45 day period of time that Defendants had under the Ordinance to approve or deny Petitioner's renewal request, no approval or denial was received. By letter dated January 11, 2006 and delivered that same date to Petitioner, Defendant Harris County Sheriff's Department notified Petitioner that the renewal of its SOBP was denied. A copy of the letter is attached as Exhibit "C" to this petition and incorporated by reference herein. The stated basis for the denial was an allegation that there had been an apparent change in ownership of the business. Defendants claim that this alleged change in ownership requires a new application for an SOBP, which, under the Ordinance would now be denied due to the creation of the church and new residential dwellings.

14. At all times relevant to this suit, Petitioner, Embassy, Inc. has been owned by the same individuals, Mr. Kamal Darvishi and Mr. Tony Nouri. Both individuals are listed in each application and renewal for the SOBP. Prior to the denial complained of in this petition, neither individual has been denied a license or permit to take any legal action in the state of Texas and both have been granted specific business licenses and permits for purposes such as the sale of liquor. The business applying for the SOBP has continuously been Embassy, Inc. Embassy, Inc. has been in continuous operation since the time that the SOBP was initially granted and is still a corporate entity in good standing in the state of Texas. The only change in any part of the application indicated that Mr. Nouri has replaced Mr. Darvishi as the President of the corporate entity and that Mr. Nouri would now be the agent for the operator of the business.

15.  Upon receiving the notice from Defendants that the business was denied its SOBP, Petitioner's counsel, Mr. Paul DeCuir, contacted the Harris County Sheriff's Department to advise Defendant of the mistake in change of ownership. Defendants' counsel, the Harris County Attorney's office then became involved. In conferring with Defendants' counsel, the parties agreed that no action was to be taken until such time as the status of the Petitioner's application and business could be determined, and, it was understood by Petitioner, that Defendant Harris County Sheriff's Department would not seek to enforce any violations of the Ordinance until further notice.

16.  On April 12, 2006, without notice from counsel for the Defendants, Defendant Harris County Sheriff's Department unilaterally took action in sending a cease and desist letter to Petitioner stating that Petitioner was not in compliance with the Ordinance. A copy of the letter is attached as Exhibit "D" to this petition and incorporated by reference herein. The letter simply stated that the parties had not taken action and that too much time had passed. The letter failed to state any substantive reasoning for their stance nor was there any occurrence or danger to persons or the public in the intervening period to trigger this letter. Further, the other businesses in close proximity to Petitioner were in continuing operation. Despite these circumstances, Petitioner immediately complied with the letter.

17.  Neither of the letters from the Defendants, nor the Ordinance provide any rights or remedies for this circumstance. Nor is there a process for appeal of this circumstance to any higher authority, administrative or judicial. The only route left to Petitioner was the filing of suit.

18.  Suit was filed in Harris County District Court on April 20, 2006, seeking relief from the effects of the Defendants actions and requesting the issuance of a Temporary Restraining Order.

At the hearing concerning the Temporary Restraining Order, Defendants' counsel, the Harris County Attorney's Office agreed to the restraining order and the Defendants were again restrained from enforcing the Ordinance. Since that time, the Defendants have reasserted their rights to enforce the Ordinance and the Petitioner's business has been operating as a "bikini bar". Due to the proximity of other "adult" establishments, Petitioner has been continuously losing almost $4,000.00 (Four Thousand Dollars) per day. In addition to the loss of money, the hiring of entertainers for such business has become almost impossible due to the lack of clientele.

CAUSE OF ACTION – UNCONSTITUTIONALLY VAGUE AND OVERBROAD

19. Petitioner contends that the Ordinance at issue is unconstitutionally vague and overbroad. In defining the actions which constitute sexually oriented businesses, the Ordinance states that the business primarily offers or provides "a service or the selling, renting or exhibiting of devices or any other items intended to provide sexual stimulation or sexual gratification to the customer." (See Exhibit "A" page 8). Further an "adult cabaret" is defined as "a nightclub, bar, restaurant, or similar commercial establishment that features: 1) persons who appear semi-nude or in a state of nudity…; 2) live performances which are characterized by the exposure of specified anatomical areas or specified sexual activities…; or 3) films, motion pictures, computer simulations, video cassettes, slides, or other reproductions which are characterized by the depiction or description of specified sexual activities or specified anatomical areas…"

20. These various definitions while they may apply businesses such as Petitioner's, may equally apply to "normal" (non-adult) movie theaters, movie rental businesses, nightclubs, restaurants, or bars where a dress code may not be existent or that show any movies rated PG-13 or more adult.

21.     Further, the Ordinance seeks to keep such places of business at certain, subjectively imposed, distance from any dwelling, hospital, or church (among other things). Such actions, without creating any zoning ordinances for the same areas, does not allow any legitimate business owner to escape prosecution and/or loss of business simply due to normal development of an area. Further, a lessee of a business may also reside in such business space, creating further questions as to what constitutes a "dwelling".

22.     The failure of the Ordinance to properly define the terms and conditions under which it is to be enforced does not properly place citizens on notice. Further, the terms of the Ordinance are so subjective, vague and overbroad as to be unconstitutional. Due to such unconstitutionality, Petitioner requests that the Court mandate that it is unenforceable and specifically prohibit Defendants from enforcement of such Ordinance against the Petitioner.

CAUSE OF ACTION – VIOLATION OF FIRST AMENDMENT RIGHTS

23.     The rights of free expression and free speech are fundamental rights which should not be abbreviated without an immediate and/or overriding communal danger. Further, the Courts have expressed that, in the event that a community seeks to abbreviate such rights, that they should be drawn narrowly and construed narrowly so as to lessen the effects of such abridgments of rights.

24.     In this case, while there may be legitimate communal concerns about the safety and welfare of the citizens of Harris County, such concerns do not rise to the level of abridging the rights of the Petitioner and its employees to exercise their respective rights and freedoms in this county. In addition, even if the needs of the county were determined to supersede those of the Petitioner, the Ordinance is not narrowly drawn to lessen the effect on the community and there are many other manners in which the county could seek to protect the community.

25. The violation of Petitioner's constitutional rights of free speech and expression should be struck down and Petitioner requests that the Court specifically prohibit Defendants from enforcement of such Ordinance against the Petitioner.

## CAUSE OF ACTION – SELECTIVE PROSECUTION

26. As noted above, there are several other establishments in the immediate vicinity of Petitioner's place of business which have almost identical business purposes. Defendants, in seeking to enforce their Ordinance have specifically and without basis sought to deny Petitioner his right to legitimate business activities in Harris County. There have been no substantive changes in Petitioner's business or corporate activities. There have been no dangers posed by Petitioner's business activities which differ from others activities.

27. In singling out Petitioner's business, the Defendants have selectively sought to enforce their Ordinance against the Petitioner. These actions are unconstitutional in the manner and methods by which the Defendants have performed their enforcement.

28. The actions should not be given the imprimatur of governmental and constitutional approval and Petitioner requests that the Court specifically prohibit Defendants from enforcement of the Ordinance against the Petitioner.

## CAUSE OF ACTION – ESTABLISHMENT OF RELIGION

29. The Ordinance complained of specifically provides that a church is a protected site from being within 1,500 (One Thousand Five Hundred) feet of any sexually oriented business. Although the Petitioner's business poses no threat to such activity, Defendant Harris County seeks to provide a place for any church above and in contravention to the rights of the individual business owner such as Petitioner. Such actions attempt to establish religion in violation of the constitution.

30. Due to such unconstitutional provisions, Petitioner requests that the Court mandate that the Ordinance is unenforceable and specifically prohibit Defendants from enforcement of such Ordinance against the Petitioner.

## DAMAGES AND RELIEF REQUESTED

31. Due to the ongoing threat of prosecution by the Defendants, Petitioner has been unable to perform normal business activities and operations. As noted above, such loss of business has resulted in a loss of business, and devalued the business. Further, the reputation and goodwill engendered by a business which had been continually operating for more than 10 (ten) years have been reduced and, possibly destroyed due to the Defendants continuing course of conduct. Petitioner requests that the Court assess such losses as damages and award all damages, including costs and fees against the Defendants and in favor of the Petitioner.

32. Petitioner requests that the Court sign a Temporary Restraining Order restraining Defendants from enforcing the Ordinance complained of and setting a hearing to determine whether such restraining order should be made into a temporary injunction. Petitioner requests that the Court note that similar relief from this Ordinance has been given to businesses which are similar in nature to Petitioner's business due to the concerns expressed both in this petition and other cases filed against these Defendants.

33. Petitioner further requests that the injunction be made permanent against these Defendants for the enforcement of this Ordinance against Petitioner.

34. WHEREFORE, Petitioner prays that the Court grant an immediate Temporary Restraining Order, set a hearing for a Temporary Injunction, that citation issue against the Defendants and that upon final hearing, the Defendants be required to pay damages to the

Petitioner as requested and that Defendants be permanently enjoined from further enforcement of the Ordinance.

DAVID PERSON, ESQ.
1302 WAUGH DR., STE. 357
HOUSTON, TEXAS 77019

BY: /s/ David W. Person          DATE: 11/22/06
DAVID W. PERSON
COUNSEL FOR PETITIONER
EMBASSY, INC.
FEDERAL BAR NO. 19404
TELEPHONE   (713) 522-7577
FACSIMILE   (713) 942-7328